# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | |
| **Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens** | RE:<br>5 Berry Road, Sebago, ME 04029 |
| **Defendants** | |
| Banknorth, N.A. | Mortgage:<br>March 30, 2005 |
| **Party-In-Interest** | Book 22490, Page 226 |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, are the obligor and the total amount owed

under the terms of the Note is One Hundred Six Thousand One Hundred Twenty-Two and 68/100 ($106,122.68) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation with its principal place of business located at 5600 Granite Parkway, Plano, TX 75024.

5. The Defendant, Kristi Owens a/k/a Kristi J. Owens, is a resident of Sebago, County of Cumberland and State of Maine.

6. The Defendant, Romey Owens a/k/a Romey L. Owens, is a resident of Sebago, County of Cumberland and State of Maine.

7. The Party-in-Interest, Banknorth, N.A., n/k/a TD Bank, National Association, is located at 2035 Limestone Road, Wilmington, DE 19808.

## FACTS

8. On April 18, 2002, by virtue of a Warranty Deed from Richard W. Eaton and Marlene Handcock Eaton, which is recorded in the Cumberland County Registry of Deeds in **Book 17552, Page 133**, the property situated at 5 Berry Road, County of Cumberland, and State of Maine, was conveyed to Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On March 30, 2005, Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, executed and delivered to Banknorth, N.A. a certain Note under seal in the amount of $116,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on March 30, 2005, Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Banknorth N.A., securing the property located at 5 Berry Road, Sebago, ME 04029 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 22490**, **Page 226**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated June 22, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 29758**, **Page 44**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated December 5, 2014 and recorded in the Cumberland County

Registry of Deeds in **Book 32142**, **Page 172**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. On December 28, 2015, the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, executed a [Home Affordable Modification Agreement] [which increased the principal amount of the Note] to $103,553.99 (herein after referred to as the "Loan Modification"). *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

14. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated September 20, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 36025**, **Page 197**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. On October 16, 2019, the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was forty-two (42) days from receipt of the Demand Letter. *See* Exhibit H.

17. The Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and

physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

21. Banknorth, N.A. is a Party-in-Interest pursuant to a Mortgage in the amount of $30,000.00 dated July 20, 2004, and recorded in the Cumberland County Registry of Deeds in **Book 21682**, **Page 163** and is in second position behind Plaintiff's Mortgage pursuant to a subordination agreement dated March 28, 2005, and recorded in the Cumberland County Registry of Deeds in **Book 22490, Page225**.

22. On April 18, 2005, an Affidavit to correct the subordination agreement due to a scriveners error which inadvertently stated the wrong dollar amount for the superior mortgage, the correct amount is $116,000.00, the affidavit is recorded in the Cumberland County Registry of Deeds in **Book 22543, Page 195**.

23. The total debt owed under the Note and Mortgage as of February 14, 2020 is One Hundred Six Thousand One Hundred Twenty-Two and 68/100 ($106,122.68) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $102,488.00 |
| Interest | $2,696.00 |
| Late Fees | $90.44 |
| Escrow Advance | $625.02 |
| Lender Paid Expenses | $178.00 |
| Deferred Late Fees | $45.22 |
| Grand Total | $106,122.68 |

24. Upon information and belief, the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

25. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 5 Berry Road, Sebago, County of Cumberland, and State of Maine. *See* Exhibit A.

27. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

28. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, are presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2019, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of February 14, 2020 is One Hundred Six Thousand One Hundred Twenty-Two and 68/100 ($106,122.68) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $102,488.00 |
| Interest | $2,696.00 |
| Late Fees | $90.44 |
| Escrow Advance | $625.02 |
| Lender Paid Expenses | $178.00 |
| Deferred Late Fees | $45.22 |
| Grand Total | $106,122.68 |

31. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

33. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, on October 16, 2019, evidenced by the Certificate of Mailing. *See* Exhibit H.

34. The Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, are not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On March 30, 2005, the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, executed under seal and delivered to Banknorth, N.A. a certain Note in the amount of $116,000.00. *See* Exhibit B.

37. The Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, are in default for failure to properly tender the August 1, 2019 payment and all subsequent payments. *See* Exhibit H.

38. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens.

39. The Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

40. The Defendants Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens's breach is knowing, willful, and continuing.

41. The Defendants Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens's breach has caused Plaintiff Federal National Mortgage Association to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of February 14, 2020, if no payments are made, is One Hundred Six Thousand One Hundred Twenty-Two and 68/100 ($106,122.68) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $102,488.00 |
| Interest | $2,696.00 |
| Late Fees | $90.44 |
| Escrow Advance | $625.02 |
| Lender Paid Expenses | $178.00 |
| Deferred Late Fees | $45.22 |
| Grand Total | $106,122.68 |

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

44. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. By executing, under seal, and delivering the Note, the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, entered into a written contract with Banknorth, N.A. who agreed to loan the amount of $116,000.00 to the Defendants. *See* Exhibit B.

46. As part of this contract and transaction, the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

47. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to Banknorth, N.A., and has performed its obligations under the Note and Mortgage.

48. The Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, breached the terms of the Note and Mortgage by failing to properly tender the August 1, 2019 payment and all subsequent payments.  *See* Exhibit H.

49. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens.

50. The Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

51. The Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, are indebted to Federal National Mortgage Association in the sum of One Hundred Six Thousand One Hundred Twenty-Two and 68/100 ($106,122.68) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendants.

52. Defendants Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens's breach is knowing, willful, and continuing.

53. Defendants Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens's breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of February 14, 2020, if no payments are made, is One Hundred Six Thousand One Hundred Twenty-Two and 68/100 ($106,122.68) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $102,488.00 |
| Interest | $2,696.00 |
| Late Fees | $90.44 |
| Escrow Advance | $625.02 |
| Lender Paid Expenses | $178.00 |
| Deferred Late Fees | $45.22 |
| Grand Total | $106,122.68 |

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

56. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Banknorth, N.A., predecessor-in-interest to Federal National Mortgage Association, loaned Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, $116,000.00.  *See* Exhibit B.

58. The Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, are in default for failure to properly tender the August 1, 2019 payment and all subsequent payments.  *See* Exhibit H.

59. As a result of the Defendants Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, Federal National Mortgage Association.

60. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

61. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. Banknorth, N.A., predecessor-in-interest to Federal National Mortgage Association, loaned the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, $116,000.00.  *See* Exhibit B.

63. The Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, have failed to repay the loan obligation.

64. As a result, the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, have been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to Banknorth, N.A. by having received the aforesaid benefits and money and not repaying said benefits and money.

65. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendants, Romey Owens a/k/a Romey L. Owens and Kristi Owens a/k/a Kristi J. Owens, are in breach of the Note by failing to make payment due as of August 1, 2019, and all subsequent payments;

d) Find that the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, are in breach of the Mortgage by failing to make payment due as of August 1, 2019, and all subsequent payments;

e) Find that the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due August 1, 2019 and all subsequent payments;

g) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

j) Find that the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, are liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

k) Find that the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Kristi Owens a/k/a Kristi J. Owens and Romey Owens a/k/a Romey L. Owens, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of One Hundred Six Thousand One Hundred Twenty-Two and 68/100 ($106,122.68 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: February 24, 2020

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com